(96 South. 580)

## MILLER et al. v. MILLER.   (3 Div. 595.)

(Supreme Court of Alabama.   May 17, 1923.)

**1. Guardian and ward ⊙⟶11—Testamentary guardian appointed without authority of law by testator takes as trustee.**

Where a testator has appointed a testamentary guardian without authority of law for the estate of an infant to whom he has given property under his will, the nominee will take and hold the property given to the infant as a trustee whose authority and duty with respect to the trust are coextensive with the authority and duty of a guardian.

**2. Wills ⊙⟶733(1)—Provision of will relating to payment to legatees by testamentary guardians construed.**

The provision of a will relating to the portion of an estate held by testamentary guardians for the benefit of two of the testator's grandchildren that, should either "die before receiving all that, if living, he or she would be entitled to under this will, the remainder of his or her share or part in my estate shall be paid to or distributed to his or her lineal descendants, if he or she leaves any," held to refer only to the share of the estate which had not been received by a legatee who might die, and applicable only to the funds they would be entitled to if living, and not a limitation on payments to living legatees of funds presently due, so that funds so paid were removed from all claims of remaindermen.

Appeal from Circuit Court, Escambia County; G. W. L. Smith, Special Judge.

Bill of Blanche Miller, by her next friend, Daisy S. Habart, against George Miller and others. From a decree for complainant, respondents appeal. Affirmed.

The bill was filed by Blanche Miller against her guardians under the testamentary appointment made in the will of her grandfather, T. R. Miller, deceased. This bill sought an allowance for the support of the ward, an accounting, the removal of the guardians, appointment of other guardians, nominated by the ward, and general relief. While this bill was pending Blanche Miller was married. Thereafter she amended her bill, setting up the fact that she was over the age of 18 years, was married, that her husband was over the age of 21 years, and prayed that the guardians of her estate be required to make final settlement with her of the trust funds held by them as required by section 4434 of the Code of 1907.

To the bill as amended appellants filed an

---

answer and cross-bill, setting out certain trusts created by the will of T. R. Miller, deceased, and praying a construction of the will. The court below granted the complainant the relief prayed.

The will first creates a trust of the bulk of testator's estate for a period of 10 years. The appellants are made trustees of this trust. They are vested with large powers, and authorized to continue investments and manage the estate as a going business concern for the duration of the 10-year term. They are directed, however, to make distributions to the various legatees under the will, beneficiaries of the trust, at intervals of six months, of the earnings and accumulations from the trust fund. There were, however, several minor legatees, beneficiaries of this trust fund, and entitled to participate in the distributions of earnings therefrom. For these minors the testator attempted to appoint guardians by his will. For two of them, the appellee and her brother, Mark Miller, who are grandchildren of the testator. he appointed the appellants guardians. This appointment is by item 11 of the will, which provides as follows:

"I hereby constitute, appoint and make my executors and trustees, their survivors and successors, guardians of the estate of Mark Lewis Miller and Blanche Miller, and all other lineal descendants of such of my children that may die before receiving all that which they are entitled to under this will; the trustees herein named shall not be required to give bond to act as such guardians but all successors to said trustees shall be required to give bond as such guardians. All successors of my trustees herein named shall be required to give bond as guardian in the event that they should act as guardian for my minor son, David Brent Miller."

The court is called upon to construe this clause of the will. The appellants have acted as guardians of the estate of the appellee under this testamentary appointment since 1914, and have paid to themselves, as guardians, from the distributions made from time to time from the main trust, the sum of $52,296.76.

Smith, Young, Leigh & Johnston, of Mobile, and Ed Leigh McMillan, of Brewton, for appellants.

While appellants are not strictly guardians of appellee, their duties are substantially the same as those of guardians. In re Kellogg, 187 N. Y. 355, 80 N. E. 207, 13 L. R. A. (N. S.) 288; Campbell v. Mansfield, 104 Miss. 533, 61 South. 593, 45 L. R. A. (N. S.) 446. Final settlement with complainant should not be made until she reaches her majority.

Stuart Mackenzie, of Montgomery, for appellee.

209 ALA.—32

The appellee is entitled to a present settlement of the guardianship. Code 1907, § 4434.

SOMERVILLE, J. Where a testator has appointed a testamentary guardian, without authority of law, for the estate of an infant to whom he has given property under the will, the practically unanimous view of the courts is that the nominee will take and hold the property given to the infant as a trustee, whose authority and duty with respect to the trust are coextensive with the authority and duty of a guardian. Campbell v. Mansfield, 104 Miss. 533, 61 South. 593, 45 L. R. A. (N. S.) 446, and note collecting and reviewing the cases. In New York the doctrine is qualified by denying the creation of a trust, and holding that the nominee takes only a power in trust. In re Kellogg, 187 N. Y. 355, 80 N. E. 207, 13 L. R. A. (N. S.) 288.

[1] The theory of the law is that, having the power to appoint a trustee to hold and dispose of his property under testamentary directions, a testator's attempted nomination of a guardian for the testamentary estate of an infant, which in substance creates a trust, ought not to fail merely because of the misuse of terms, and will be given effect as a testamentary trust according to the purpose of the testator. We think this view is entirely sound, and we hold that under the appointment here shown these respondents are trustees of the complainant's testamentary estate, and are accountable as testamentary guardians would be.

[2] The respondents show by their answer that they have acted under the will as "guardians and trustees" for the complainant's estate, and that they are ready to account for and pay to complainant whatever is her due, provided they can do so without liability to certain other beneficiaries under the will, and accordingly they seek an authoritative construction of item 9 of the will, which is as follows:

"Should either of my grandchildren. Mark Lewis Miller or Blanche Miller, die before receiving all that if living he or she would have been entitled to under this will, the remainder of his or her share or part in my estate shall be paid to or distributed to his or her lineal descendants, if he or she leaves any; if either of said grandchildren, Mark Lewis Miller and Blanche Miller, should die leaving no lineal descendants, then his or her share in my estate shall be paid and distributed to the survivor of said grandchildren; and should both of said grandchildren die without leaving lineal descendants then the said share of the said grandchildren shall be distributed as provided for in case of my children dying without leaving lineal descendants."

Counsel for complainant say of this:

"This entire item of the will has reference to the share of the estate which has not been

received by the various legatees or beneficiaries of the trust, who may die, and applies only to the funds they would be entitled to if living. There is nothing in this item to limit or restrict the payment to living children or grandchildren of funds to which they are presently entitled. In the event the appellee should die after settlement with her by her guardians and before the distribution of the main trust fund this item would control the disposition of that share in that trust fund to which she would be entitled if living, and which had not been paid over to her."

We think this is the correct explanation of this provision of the will, and we hold that the trustee, the respondents herein, may and should pay to complainant such funds as they hold on her account, and that when so paid they are removed from the influence of item 9, and freed from the claims of all contingent remaindermen thereunder.

The decree of the circuit court in equity will therefore be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.